### NEWTON JESSUP v. COMMONWEALTH.

**Instructions as to Credibility of Witnesses.**

In the trial of a person charged with homicide it is reversible error for the court to charge the jury that if a witness has knowingly testified to that which he knew to be untrue the jury have a right to and may disregard his entire testimony. The judge is not called on to direct the jury as to the manner in which it shall weigh the testimony or consider it.

### APPEAL FROM GRANT CIRCUIT COURT.

May 31, 1884.

OPINION BY JUDGE PRYOR:

The evidence upon which this conviction is based is purely circumstantial outside of the testimony of the witness for the defense and the confessions of the accused. The confession and testimony for the accused conduce to sustain the plea of self-defense. The little brother of the defendant says that the deceased drew an ax on the latter and threw stones at him when the shooting took place, and if witnesses for the defense are to be believed facts have been established upon which a jury might well acquit. The witnesses

for the defense were all related to the accused, and it was with the jury to weigh their testimony and give credence to it if they saw proper.

It is improper to instruct a jury that if a witness has knowingly testified to that which he knew to be untrue they have a right to and may disregard his entire testimony. Whether if a part of the statement is false it is sufficient to invalidate the whole is not by any means certain, either as a rule of evidence or applying the law to the facts.

The manner of a witness, as well as a statement made by him known to be false, may destroy his entire statement. It may render him unworthy of belief, but it is a question for the jury. The whole evidence is before them, and when hearing it, if they believe the statements of the witness, they give credit to those statements; if they have reason to believe from the manner and conduct of the witness and his attempt to suppress the truth that he is giving false testimony they may disregard his statement or so much of it as they believe to be untrue. This applies to every outcast or criminal, but the judge is not called on to direct the jury as to the manner in which they shall weigh the testimony or consider it.

They must believe in a criminal case that the guilt of the prisoner is established beyond a reasonable doubt, and where the accused has his near relatives testifying for him, and particularly in a case like this, the suggestion from the court that they may disregard all that any witness has said under certain circumstances indicates to the jury that in the opinion of the court influences that arise from the relationship of the witness to the party accused and his desire to have him acquitted have perhaps prompted the witness to make false statements. The sufficiency of the evidence and the credibility of the witnesses is with the jury. If they believe the testimony they act upon it, if not they disregard it, and an instruction such as was given to the jury in this case, that they could disregard the statements of witnesses, was in effect saying to the jury that they must be careful and not acquit the accused upon the testimony of his relatives unless satisfied their statements are true. Such an instruction is prejudicial in almost every case and ought not to be given.

This judgment is *reversed* and cause remanded with directions

to award a new trial and for proceedings consistent with this opinion.

*W. W. Dickerson, for appellant.*

*P. W. Hardin, for appellee.*